**WO**

**NOT FOR PUBLICATION**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Wesley James Coontz, ) | No. CV-07-0499-PHX-FJM |
| ) | |
| Petitioner, ) | **ORDER** |
| ) | |
| vs. ) | |
| ) | |
| Dora Schriro, et al., ) | |
| ) | |
| Respondents. ) | |
| ) | |

The court has before it petitioner's second amended petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254, (doc. 9), respondents' answer (doc. 18), petitioner's reply (doc. 19), a report and recommendation of the United States Magistrate Judge (doc. 20), petitioner's objections (doc. 23), and respondents' response (doc. 24). For the following reasons, we accept the magistrate judge's recommendation to deny the habeas petition as untimely.

On July 1, 1996, petitioner pled guilty to a reduced count of second-degree murder. On August 5, 1996, he was sentenced to an aggravated term of 22 years imprisonment, and to a consecutive term of community supervision. By entering a plea agreement, petitioner waived his right to a conventional direct appeal under state law, but retained the right to seek review in an "of-right proceeding" under Rule 32, Ariz. R. Crim. P. Pursuant to Rule 32.4, petitioner had 90 days after entry of judgment and sentence to file his notice of post-

1 conviction relief. The trial court granted petitioner several extensions of time to file his Rule 32 petition, with the final deadline date of April 24, 1997. He failed to comply with this deadline and on April 29, 1997, the trial court dismissed petitioner's petition for post-conviction relief on the ground that "[t]he deadline . . . has passed and [he] has not filed any additional pleadings." Respondents' Answer, Ex. P. Petitioner did not seek review of the trial court's order of dismissal. Therefore, his conviction became final 30 days later on May 29, 1997, when his time to seek review of the trial court's order expired. See Ariz. R. Crim. P. 32.9(c); Summers v. Schriro, 481 F.3d 710, 711 (9th Cir. 2007).

Under the Antiterrorism and Effective Death Penalty Act of 1994 ("AEDPA"), a state prisoner must seek federal habeas corpus relief within one year from "the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review." 28 U.S.C. § 2244(d)(1)(A). Therefore, petitioner had until May 29, 1998, to file a petition for writ of habeas corpus in federal court.

On August 7, 2003, more than six years after the state deadline, petitioner filed a Rule 32 notice of post-conviction relief, alleging that ineffective assistance of counsel resulted in an illegal sentence. He challenged his sentence on two grounds: (1) his total sentence exceeded the statutory maximum because he was sentenced to 3 1/2 years of community supervision following release, and (2) under Apprendi v. New Jersey, 530 U.S. 466, 120 S. Ct. 2348 (2000), the court should have imposed the presumptive, not the maximum, sentence. He conceded that his motion for post-conviction relief was untimely, but argued that its untimeliness should be excused because his claims were based on "[n]ewly discovered material facts" and thus satisfied exceptions set forth in Rule 32.1, Ariz. R. Crim. P. Petitioner's Rule 32 motion was denied at every stage of state court review, and on March 5, 2007, he filed the pending petition for writ of habeas corpus, claiming that (1) he was denied effective assistance of counsel, (2) his sentence violates the Sixth Amendment under Apprendi, and (3) his sentence violates the Eighth Amendment. Because petitioner's habeas petition was filed almost nine years after the AEDPA deadline, the petition is untimely absent statutory or equitable tolling.

In Apprendi, the Supreme Court held that constitutional due process and jury trial guarantees require that, "[o]ther than the fact of a prior conviction, any fact that increases the penalty for a crime beyond the prescribed statutory maximum must be submitted to a jury, and proved beyond a reasonable doubt." 530 U.S. at 490, 120 S. Ct. at 2362-63. Relying on Apprendi, petitioner argues that he received an enhanced sentence without the benefit of a jury's consideration of aggravating circumstances. He claims that under Rule 32.1(g), Ariz. R. Crim. P., he is entitled to post-conviction relief because Apprendi constitutes "a significant change in the law that if determined to apply to defendant's case would probably overturn the defendant's conviction or sentence." Ariz. R. Crim. P. 32.1(g). He also argues that Apprendi serves to delay commencement of AEDPA's one-year statute of limitations period until "the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review." 28 U.S.C. § 2244(d)(1)(C).

Apprendi, however, was not issued until three years after petitioner's conviction became final. It is clearly established that Apprendi does not apply retroactively to cases that were final on direct review before those cases were decided. Schriro v. Summerlin, 542 U.S. 348, 358, 124 S. Ct. 2519, 2526 (2004); United States v. Sanchez-Cervantes, 282 F.3d 664, 673 (9th Cir. 2002). Petitioner's continued assertions that Apprendi should be applied retroactively are unavailing in light of this well-established precedent.

Therefore, because Apprendi is not applied retroactively on collateral review, neither 28 U.S.C. § 2244(d)(1)(C), nor Rule 32.1, Ariz. R. Crim. P., will serve as a basis for excusing petitioner's nine-year delay in filing his petition for writ of habeas corpus. We agree with the magistrate judge's conclusion that the habeas petition was not filed within the statute of limitations period set forth in 28 U.S.C. § 2244(d)(1), and that petitioner has failed to demonstrate that he is entitled to statutory or equitable tolling.

1  **IT IS ORDERED DENYING** the second amended petition for writ of habeas corpus
2  (doc. 9).
3  DATED this 24th day of April, 2008.

*Frederick J. Martone*
Frederick J. Martone
United States District Judge